**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| AURELIO SANCHEZ AGUILAR, an individual, | ) ) ) | Case No. 1:18-cv-5088 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BELLA's PIZZA NO. 5, INC., an Illinois corporation d/b/a Pizza Bella's, ANDREAS TERTIPIS, an individual and JOANNA TERTIPIS, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

The Plaintiff, Aurelio Sanchez Aguilar (the "Plaintiff" or "Sanchez"), by and through his attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complain against Defendants, Bella's Pizza No. 5, Inc., an Illinois corporation d/b/a Pizza Bella's ("Pizza Bella's"), Andreas Tertipis, an individual, and Joanna Tertipis, an individual (each a "Defendant", collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff his overtime compensation. Plaintiff is a former pizza maker at Defendants' restaurant.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law

and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff is a former employee of the Defendants. He worked as a pizza maker and cook at Defendants' Pizza Bella's restaurant from approximately June, 2008 through June 19, 2018.

5.      During the course of his employment, Plaintiff used and handled goods and materials, including perishable food and food products which moved in interstate commerce.

6.      Plaintiff resides in and is domiciled in this judicial district.

7.      Defendant, Bella's Pizza No. 5, Inc., does business as and operates the Pizza Bella's restaurant located at 1801 W. 95th Street in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8.      Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2015-2018.

9.      Defendant, Bella's Pizza No. 5, Inc., is registered in Illinois as a corporation and its officers, registered agent, and principal office are located within this judicial district.

10.      Upon information and belief, Defendants, Andreas Tertipis and Joanna Tertipis, are the owners of Defendant Pizza Bella.

11.      At all times relevant to this action, Defendants, Andreas Tertipis and Joanna Tertipis, each possessed oversight over Defendant Pizza Bella's employees and business practices, and each further served as the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices. Defendants, Andreas Tertipis and Joanna Tertipis, also

possessed the authority to hire and fire Defendant Pizza Bella's employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

12.     Upon information and belief, Defendants, Andreas Tertipis and Joanna Tertipis, reside in and are domiciled within this district.

**COMMON ALLEGATIONS**

13.     For the three years prior to the filing of this suit through June 19, 2018, Plaintiff regularly worked at Defendants' restaurant six (6) days per week work including: Monday, Thursday and Friday from 11:00 a.m. to 9:30 p.m., Tuesday and Wednesday from 11:00 a.m. to 8:00 p.m., and Saturday from 1:00 p.m. to 9:30 p.m. Plaintiff typically did not work on Sunday.

14.     Based on his schedule, Plaintiff worked at least fifty-seven (57) hours in individual workweeks during the applicable time period.

15.     During all relevant times, Defendants paid Plaintiff on an hourly basis at the rate of $13.00 per hour.

16.     Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

17.     Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

18.     In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff with unreported cash at his straight time rate of pay for all hours worked.

19.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-

exempt employees.

20.     Upon information and belief, Defendants failed to post, and keep posted, FLSA, IMWL and CMWO notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9 and Ill. Adm. Code 210.700.

<u>COUNT I</u>
<u>Violation of the Fair Labor Standards Act – Overtime Wages</u>

21.     Plaintiff hereby incorporate paragraphs 1 through 20 as though stated herein.

22.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

23.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

25.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over 40 in a workweek.

26.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff any overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid Plaintiff his straight time hours of work and overtime compensable hours "under the table" in cash.

28.     In a further attempt to conceal their overtime violations, Defendants failed to report their cash wage payments to Plaintiff to the appropriate federal and state tax and revenue

4

agencies.

**WHEREFORE**, the Plaintiff, Aurelio Sanchez Aguilar, prays for a judgment against Defendants, Bella's Pizza No. 5, Inc. d/b/a Pizza Bella's, Andreas Tertipis, and Joanna Tertipis, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

29.     Plaintiff hereby incorporate paragraphs 1 through 20 as though stated herein.

30.     Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

31.     Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

32.     During all relevant times, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

33.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

34.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS

§ 105/4(a).

**WHEREFORE**, the Plaintiff, Aurelio Sanchez Aguilar, prays for a judgment against Defendants, Bella's Pizza No. 5, Inc. d/b/a Pizza Bella's, Andreas Tertipis, and Joanna Tertipis, as follows:

A.   Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) per week;

B.   Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.   Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

35.   Plaintiff hereby incorporate paragraphs 1 through 20 as though stated herein.

36.   Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

37.   Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

38.   Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

39.   Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**WHEREFORE**, the Plaintiff, Aurelio Sanchez Aguilar, prays for a judgment against Defendants, Bella's Pizza No. 5, Inc. d/b/a Pizza Bella's, Andreas Tertipis, and Joanna Tertipis, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) per week;

B.     Statutory interest damages in the amount of three times the amount of unpaid overtime;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.


Dated: July 25, 2018               Respectfully submitted,
Aurelio Sanchez Aguilar
Plaintiff


/s/ Timothy M. Nolan
_____
One of the attorneys for the Plaintiff

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com